UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| ARMANDO PAREDES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-CV-088 JD |
| | ) | |
| MONSANTO COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Now before the Court is a Joint Motion for Approval of Settlement of Plaintiffs' FLSA Claims Against Defendant Monsanto. [DE 43]. Monsanto is one of three defendants in this action arising under the Fair Labor Standards Act ("FLSA"), the Migrant and Seasonal Agricultural Worker Protection Act, and state law. The plaintiffs have settled their claims against Monsanto, and they have now moved for court approval of that settlement, as required for claims under the FLSA. Having reviewed the record and the terms of the settlement agreement between the plaintiffs and Monsanto, the Court grants the joint motion.

## **I. FACTUAL BACKGROUND**

The plaintiffs are five agricultural workers. They filed this action, through counsel, against Milo, Inc., a farm labor contractor; Hermilo Cantu, Jr., its president; and Monsanto, to which Milo, Inc. furnished workers, including the plaintiffs. The plaintiffs' claims arise out of their pay and working conditions during their employment in 2011 and 2012. Of that time, though, only a portion of 2012 was spent working for Monsanto. The plaintiffs represent that their FLSA claim against Monsanto is limited to liquidated damages under 29 U.S.C. § 216 for failure to timely pay the minimum wage for all hours worked—not for actual damages for unpaid wages. The liquidated damages would be equal to the amount of the minimum wages that were

not timely paid. The plaintiffs estimate that the value of those damages that could be recovered from the three defendants combined, for the entire time period, would not exceed $1,010.00 per plaintiff.

After conducting some preliminary discovery, the plaintiffs have reached a settlement agreement with Monsanto. Pursuant to that agreement, each of the five plaintiffs will receive $700.00, with $100 or $250 of that amount attributed to the FLSA claim. In return, the plaintiffs will execute release agreements and agree to dismiss Monsanto as a defendant in this action. Monsanto has also agreed to pay $1,105.73 in costs and $4,894.27 in attorneys' fees to the plaintiffs' counsel, Texas RioGrande Legal Aid, Inc. The settlement does not include defendants Milo, Inc. or Mr. Cantu, as to whom the case will continue. Because the FLSA requires court approval of settlements, the plaintiffs and Monsanto filed this joint motion for approval of the settlement agreement. Defendants Milo, Inc. and Mr. Cantu did not respond, and their time to do so has passed.

## II. LEGAL STANDARD

"'[S]tipulated settlements in a FLSA case must be approved by the Court . . . .'" *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994 (N.D. Ind. 2010) (second alteration in original) (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 CV 4377, 2010 WL 2545439, at *3 (E.D.N.Y. May 17, 2010)). "To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id*. (internal alteration and quotation omitted). "Normally, a settlement is approved where it is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and

expensive litigation." *Id*. (internal alteration and quotation omitted). "Furthermore, courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness." *Id.*

### III. DISCUSSION

Monsanto and the plaintiffs ask the Court to approve their settlement. When reviewing a FLSA settlement, a court normally considers the following factors: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; (6) the range of reasonableness of the settlement fund in light of the best possible recovery; and (7) the range of reasonableness of the settlement fund in light of all the risks of litigation. *Id*. at 995 (citing to *Misiewicz*, 2010 WL 2545439, at *4).

Considering those factors here, the Court finds that the proposed settlement is reasonable. This case is still in its early stages, and litigating this case to its conclusion on the merits could entail considerable time and expense. By resolving their claims against Monsanto at this early stage, the plaintiffs are able to avoid that expense and delay, and to receive their settlement payments now instead of seeking to recover a judgment months or years down the line. They are also able to avoid the risk that litigation always entails, since they could come away with nothing if they lose. As the parties acknowledge in their motion, substantial disputes exist between the parties on questions of law and fact relating to both issues of liability and the amount of damages that could be recovered. Hedging against those risks by agreeing to a settlement at this stage is not indicative of overreaching by the employer or a waiver of rights by the employees, but of a reasoned and counseled decision by both sides. In fact, the plaintiffs have been represented by a nonprofit firm that does not charge fees to its clients, and that firm has expended substantial time

3

on plaintiffs' behalf and will continue to do so in pursuing plaintiffs' claims against the remaining defendants. Thus, there is little reason to believe that plaintiffs' counsel would support this settlement if they did not believe that it was in their clients' best interests.

In addition, though the parties reached their settlement shortly after discovery began, they had already exchanged a number of documents, and the plaintiffs were able to adequately evaluate the merits of their claims and the extent of their possible recovery. The plaintiffs estimate that the total amount of liquidated damages under the FLSA that they would be able to recover against the three defendants combined would not exceed $1,010.00 per plaintiff. Though the plaintiffs do not quantify how much of that amount might be recoverable against Monsanto, they only worked for Monsanto for a portion of the period at issue in this suit, so the liquidated damages they might stand to recover against Monsanto are likely much less. Thus, even though the plaintiffs' settlements attribute only $100 or $250 to the FLSA liquidated damages claim, those amounts may be much of what the plaintiffs would be able to recover from Monsanto on these claims. Moreover, the settlement as to Monsanto preserves the plaintiffs' ability to proceed with their claims against Milo and Mr. Cantu.

Finally, the Court notes that the settlement calls for Monsanto to pay $6,000 in attorneys' fees and costs to plaintiffs' counsel, which exceeds the total recovery to the plaintiffs themselves of $3,500. However, "the Seventh Circuit has 'repeatedly rejected the notion that the fees must be calculated proportionally to damages'" in cases with fee-shifting statutes. *Dominguez v. Quigley's Irish Pub, Inc.*, 897 F. Supp. 2d 674, 686 (N.D. Ill. 2012) (quoting *Estate of Enoch ex rel. Enoch v. Tienor*, 570 F.3d 821, 823 (7th Cir. 2009)). "Congress has affirmed its desire to have even small violations of the FLSA litigated, and many of those violations by their very nature are small. Litigation is expensive, and 'it is no surprise that the cost to pursue the

contested claim will often exceed the amount in controversy.'" *Id.* (quoting *Anderson*, 578 F.3d at 545). Here, while the attorneys' fees and costs represent an unusually large percentage of the settlement as a whole, they are still modest and represent only a small fraction of the time and expense that plaintiffs' counsel claim to have spent on this case. And since the plaintiffs stand to gain relatively little on the FLSA liquidated damages claims to begin with, it is not surprising that the attorneys' fees would exceed those recoveries. The Court therefore does not find the distribution of the settlement between the plaintiffs and their counsel to be cause for concern.

Therefore, the Court concludes the parties' proposed settlement agreement is fair and reasonable, and approves the settlement.

### IV.  CONCLUSION

For the reasons stated above, the Court GRANTS the Joint Motion for Approval of Settlement. [DE 43]. The settlement agreement between the plaintiffs and defendant Monsanto is APPROVED. The plaintiffs' claims against Monsanto are DISMISSED WITH PREJUDICE, and Monsanto is DISMISSED as a party from this action. This action remains pending against defendants Milo, Inc. and Mr. Cantu.

SO ORDERED.

ENTERED: April 18, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court