# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ARMANDO PAREDES, *et al.*, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.:4:15-CV-88-JD-JEM |
| ) | |
| HERMILO CANTU, JR., *et al.*, ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Petition for Attorneys' Fees Under Rule 37(a)(5), Fed.R.Civ.P. [DE 73], filed by Plaintiffs on February 23, 2017. Counsel for Plaintiffs requests $21,065.00 in attorneys' fees incurred in filing a Motion to Compel.

On February 3, 2017, the Court issued an order granting Plaintiffs' Motion to Compel and ordering Plaintiffs to file an itemization of their reasonable expenses incurred in bringing the Motion. Defendant filed a response on March 1, 2017, and on March 8, 2017, Plaintiffs filed a reply.

Rule 37(a)(5)(A) provides that, if a motion to compel is granted, the Court "must, after giving the opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the movant filed the motion before attempting in good faith to obtain" the requested discovery, "the opposing party's nondisclosure . . . was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). District courts possess wide latitude in evaluating the reasonableness of requested attorney fees and costs. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

Plaintiffs' Motion to Compel was granted, so it is up to Defendants to demonstrate that their nondisclosure was substantially justified or other circumstances make an award of attorneys' fees unjust. Defendants argue that they provided the relevant records to Plaintiffs as soon as they were discovered, that they tried to resolve the matter before the filing of the fee petition, and that the requested fees are too high. Many of Defendants' arguments address the merits of the initial Motion to Compel and would have more appropriately been raised in briefing on that motion; however, Defendants did not respond to the Motion to Compel, without explanation. Instead, Defendants now argue that they provided the bulk of their documents at the outset of litigation, and others as soon as they became aware of their existence and were able to get them from ex-employees, apparently an argument that their prior non-responsiveness to the discovery requests and the Motion to Compel was substantially justified. Defendants argue that no other responsive documents exist, despite the outstanding requests from Plaintiffs, and that Defendants executed a request with the IRS for Plaintiffs to obtain the requested tax documents.

Plaintiffs argue that fees are appropriate because Defendants did not provide written responses to any of the interrogatories and only provided the bulk of the requested responsive documents after Plaintiffs filed the Motion to Compel. Furthermore, they argue that Defendants have still failed to fully comply with the Court's Order compelling responses. Plaintiffs argue that although they received some documents after filing the Motion to Compel, they have not received all the requested responsive documents and answers to interrogatories, and Defendants have failed to provided signed copies of Form 4506 to counsel for Plaintiffs, as required by the Court's Order, which would authorize the IRS to search its records for several of the still-outstanding tax forms. Plaintiffs also argue that many of Defendants' excuses for their failure to respond to discovery or

2

comply with the Court's Order do not excuse payment of fees and costs under Rule 37(a). For example, in their response, Defendants argue that Defendant Cantu has "general lack of knowledge of how the business was run." Plaintiffs argue that Cantu was produced as the Rule 30(b)(6) deponent who could testify on behalf of Milo, Inc., and that Defendants' representations in the response to the instant Motion about Cantu's knowledge are contrary to the information he gave at that deposition. In short, Defendants have failed to show that Plaintiffs did not attempt in good faith to obtain responses to their discovery requests before filing the Motion to Compel or that their nondisclosure, particularly the nondisclosure prior to the filing of the Motion, was substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A) (providing for payment of expenses "if the disclosure or requested discovery is provided after the motion was filed").

Next, the Court turns to the appropriate amount of damages. As the Supreme Court has explained, "the most useful starting point for court determination of the amount of a reasonable fee payable by the loser is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," known as the "lodestar." *Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02, 122 (2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (quotation and other marks omitted). Plaintiffs request 40 hours attorney time spent on the Motion to Compel and another 30 in preparation of the instant petition for costs, all at $300 per hour, for a lodestar amount of $21,000.00.

Defendants argue that the requested amount is unjust. They argue that the amount of attorneys' fees requested in greater than the claim for damages and is close to Defendant Milo's net income for the business years at issue in the underlying suit. They propose a payment of $1,500.00, for five hours of attorney time at $300 per hour, arguing that any more than that would effectively

be lining the pockets of the Legal Aid group that is serving as counsel for Plaintiffs. Despite Defendants' arguments, fee awards are not based on the type of organization for which the opposing attorneys work, but "are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *see also Johnson v. Lafayette Fire Fighters Ass'n Local 472, Int'l Ass'n of Fire Fighters, AFL-CIO-CLC*, 51 F.3d 726, 732 (7th Cir. 1995) ("Plaintiffs are entitled to recover attorney's fees as measured by the prevailing market rate, whether or not their representation was an act of charity from a non-profit legal assistance foundation."). As Plaintiffs point out, they are actually seeking in excess of $70,000 in damages in their suit, as authorized by the relevant statute, so their requested award is not in excess of the amount of damages, and counsel for Plaintiffs limited the hours spent both being selective about what responses counsel moved to compel and in requesting payment for fewer hours than what were actually expended.

Defendants have not objected to the requested hourly rate for counsel for Plaintiffs, and the Court finds that $300 per hour is reasonable and in line with prevailing market rates. Similarly, it finds that the 40 hours spent in preparing the Motion to Compel and related activities is not unreasonable, given the complexity of the arguments. The Court will award, however, only 15 hours towards the preparation of the instant Motion for fees, finding that 30 attorney hours for that document is unreasonably high.

Defendants also argue that awarding the amount requested by Plaintiffs would end the litigation, as Defendants cannot afford to pay it. The Court notes that it is not necessarily the Defendants who are responsible for paying the award, as Rule 37(a)(5)(A) provides that the award should be paid by "the party or deponent whose conduct necessitated the motion, the party or

4

attorney advising that conduct, or both." Fed. R. Civ. P. 37(a)(5)(A); *see also Francis v. AIT Labs.*, No. 1:07-CV-0626-RLY-JMS, 2008 WL 2561222, at *5 (S.D. Ind. June 26, 2008) (ordering the attorney to pay expenses where "Plaintiff's counsel, rather than Plaintiff himself, was responsible for the failure to supplement and should therefore bear the cost of the sanction to be imposed"). Although it is not apparent to the Court that the entirety of the failure to respond to Plaintiffs' discovery requests was the responsibility of counsel for Defendants, a number of the discovery difficulties in this case do appear to be the direct responsibility of counsel for Defendants, including his representations about Defendants Cantu's knowledge of and role in the company, the continued failure to serve written discovery responses to a number of outstanding discovery requests, his failure to file a response to the Motion to Compel, and the failure to comply with the Court's Order to provide completed IRS form 4506s to counsel for Plaintiffs, without explanation. Accordingly, it appears that at least a portion of the payment should come from counsel for Defendants, rather than Defendants themselves.

For the foregoing reasons, the Court hereby approves and **GRANTS in part** Plaintiffs' Petition for Attorneys' Fees Under Rule 37(a)(5), Fed.R.Civ.P. [DE 73]. Defendants and/or their attorney are **ORDERED** to reimburse Plaintiffs in the sum of $16,500.00 in attorney fees by **June 8, 2017**.

The Court **ORDERS** counsel for Defendants to provide a copy of this Order directly to Defendants Milo, Inc., and Herman Cantu.

SO ORDERED this 10th day of May, 2017.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record