# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ARMANDO PAREDES, DESIDERIA PAREDES, MAYRA PAREDES, CLAUDIA PAREDES, and JESSICA PAREDES,<br>  Plaintiffs,<br><br>v.<br><br>HERMILO CANTU, JR., and MILO, INC.,<br>  Defendants. | Case No. 4:15-cv-88-JVB |

## OPINION AND ORDER

The parties, having reached a settlement agreement, jointly move to have this Court approve the agreement, dismiss the instant action, order the parties to comply with the agreement, and retain jurisdiction to enforce it. For the reasons below, this Court grants the parties' joint motion.

### A.  Overview of the Case

Defendants employed Plaintiffs in 2011 and 2012 as seasonal agricultural workers. (DE 49 at 4.) Plaintiffs were paid a lump sum at the end of the season for each acre worth of work performed. (*Id*. at 5.) In the interim, Defendants would pay Plaintiffs, on a weekly basis, minimum wage for each hour of work performed. (*Id.*) Defendants deducted these wages from the lump sum payment. (*Id*.) Plaintiffs alleged that Defendants reported the lump sum payments using 1099-MISC forms, which shifted the burden of paying certain payroll taxes from Defendants to Plaintiffs. (*Id*. at 8–12.) Additionally, Plaintiffs alleged that Defendants withheld some weekly wages to funnel more payments through the 1099-MISC forms. (*Id*.) Plaintiffs

1

sought relief for violations of the Fair Labor Standards Act (the "FLSA Claims") and for willful filing of fraudulent tax returns (the "Tax Return Claims"). (*Id*. at 2.) The relevant statutes allow Plaintiffs to bring those actions in this Court. 29 U.S.C. § 216(b) (FLSA claims); 26 U.S.C. § 7434(a) (Tax Return Claims). Plaintiffs also brought these claims against Monsanto Company, but they reached a separate settlement agreement, which this Court approved. (DE 46.) Since then, Plaintiffs have reached a settlement agreement with the remaining defendants, which is now before this Court.

**B.    Standard of Review**

Normally, the parties can dismiss the action on their own by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). However, courts must approve dismissals of any action brought under an "applicable federal statute." Fed. R. Civ. P. 41(a)(1)(A). The FLSA is such a statute. *See Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994 (N.D. Ind. 2010); *Adams v. Walgreen Co*, 2015 U.S. Dist. LEXIS 86425, *3 (E.D. Wis. July 2, 2015) (collecting cases); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Courts look favorably upon settlement agreements that arose from "contentious arm's-length negotiations, which were undertaken in good faith by counsel," especially when "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Reyes v. Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *8 (S.D.N.Y. 2009). In the end, the question is whether the settlement agreement "reflect[s] a reasonable compromise of disputed issues" or merely demonstrates the employer's successful efforts to strong-arm the employee into submission. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th

Cir. 1982).

**C.     Analysis**

The parties argue that the settlement agreement they reached (the "Agreement") is a reasonable compromise because Plaintiffs receive most of the damages they sought and because Plaintiffs accepted a substantially reduced amount of attorney's fees. This Court agrees.

**(1)     The Agreement Is a Reasonable Compromise of Disputed Claims**

Plaintiffs sought a combined $3,629.36 for their FLSA Claims and a combined $70,000 for their Tax Return claims. (DE 105 Ex. 1 at 6.) The Agreement requires Defendants to pay $60,000 to be distributed equally among the plaintiffs, which represents full satisfaction of their FLSA Claims and partial satisfaction of their Tax Return claims. (DE 105 Ex. 2 at 4.) Additionally, the Agreement requires Defendants to pay $50,000 in attorney's fees. (*Id.* at 4.) This amount comprises $16,500 for a discovery sanction this Court previously imposed (DE 80), $13,500 for expenses, and $20,000 for fees, based on 66.67 billable hours at a $300 per hour rate. (DE 105 Ex. 2 at 4.)

When examining proposed FLSA settlements for reasonableness, this District employs a multi-factor test the Second Circuit adopted in *Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). For non-class-action suits, reasonableness depends on (1) the expected "complexity, expense, and . . . duration of the litigation"; (2) "the stage of the proceeding and the amount of discovery completed"; (3) the uncertainty of liability and damages; (4) the defendant's "ability . . . to withstand a larger judgment"; and (5) "the reasonableness of the settlement . . . in light of all the risks of litigation." *Burkholder*, 750 F. Supp. 2d at 995.

3

This litigation is likely to be complex, expensive, and lengthy. To summarize, the instant action began in the Southern District of Texas. (DE 1.) A battle over personal jurisdiction ensued (DE 10), resulting in a joint motion to transfer the case to this Court. (DE 19.) Defendants then filed an answer, which Plaintiffs successfully moved to strike for including general denials that denied prior admissions within the same answer. (DE 55.) The parties then found themselves in a discovery dispute, culminating in Plaintiffs' motion to compel, which this Court granted. (DE 70.) Yet another battle ensued, this time over attorney's fees for the motion to compel. (DE 80.) Given what has already transpired, many more such fights would likely be on the horizon were this case to proceed to trial.

The parties have conducted enough discovery to arrive at a reasonable settlement. Courts look at how much discovery the parties have exchanged to ensure that the settlement agreement represents an "informed decision" rather than a number pulled out of a hat. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1988). Formal discovery is not required, so long as the parties have enough information to properly understand the claims the parties brought. *Burkholder*, 750 F. Supp. 2d at 995. Here, the parties conducted enough discovery to secure approval of a settlement agreement as to Monsanto. (DE 46.) Plaintiffs also adjusted the amount they sought based on "subsequent further discovery." (DE 105 Ex. 1.) This demonstrates that the Agreement represents an informed decision.

Liability and damages are uncertain. Generally, a defendant's wholesale denial of the plaintiff's claims establishes uncertainty. *Cf. Ellison v. NiSource, Inc.*, 2016 U.S. Dist. LEXIS 25322, *3 (N.D. Ind. Feb. 29, 2016) ("Based on the pleadings, the Court finds that serious questions of law and fact exist as to liability and damages."). Here, this Court's order striking Defendants' answer evidences Defendants' refusal to budge. (DE 55.) This demonstrates

uncertainty as to liability and damages.

A defendant's ability to withstand a larger judgment usually does not come into play unless the settlement itself is inadequate, *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 433 (S.D.N.Y. 2014), or unless the plaintiff reduces his offer specifically to address the defendant's rocky financial footing. *Reibstein v. Rite Aid Corp.*, 761 F. Supp. 2d. 241, 254 (E.D. Pa. 2011). Here, the settlement is adequate, as will be explained below, and there is no evidence that Defendants' financial condition influenced the Agreement. Moreover, Defendants—a company and its sole shareholder—described themselves as having "very limited resources." (DE 75.) Thus, to the extent this factor is relevant, it weighs in favor of approving the Agreement.

Lastly, the Agreement is reasonable in light of the risks of litigation. For starters, the parties reached the Agreement in formal mediation, which shows that it was "the product of arms-length negotiation." *Carter v. Anderson Merchandisers, LP*, 2010 U.S. Dist. LEXIS 7793, *19–20 (C.D. Cal. Jan. 7, 2010). Second, Plaintiffs' counsel filed an affidavit attesting that "further litigation . . . would require expenditures and delay that are not necessary in light of" the Agreement. (DE 105 Ex. 4.) Courts tend to afford such opinions from counsel "considerable weight." *See id.* at *24 (collecting cases). Third, the Agreement merely requires Plaintiffs to release Defendant of the claims asserted in the instant action. (DE 105 Ex. 2 at 8.) Such non-restrictive agreements tend to pass muster. *Cf. Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180–81 (S.D.N.Y. 2015) (rejecting an FLSA settlement that included "a battery of highly restrictive confidentiality provisions" and liability releases that were "far too sweeping"). Fourth, the Agreement awards Plaintiffs over 80% of their requested relief. (DE 105 Ex. 1 at 6–7.) Courts have accepted far lower recovery rates in the past. *See e.g. Misiewicz v. D'Onofrio Gen. Constr. Corp.*, 2010 U.S. Dist. LEXIS 60985, *12–13 (E.D.N.Y. May 17, 2010) (approving an

FLSA settlement where the plaintiff received less than half of his requested damages).

On the basis of the above factors, this Court finds that the Agreement is reasonable.

**(2) The Requested Attorney's Fees Are Reasonable**

The Agreement provides for attorney's fees that nearly match the amount Plaintiffs recover. Courts should take a close look before awarding fees that seem high relative to the amount the plaintiff recovered. *Dominguez v. Quigley's Irish Pub, Inc.*, 897 F. Supp. 2d 674, 686 (N.D. Ill. 2012). Here, upon closer inspection, the requested attorney's fees are reasonable.

First, the statutes giving rise to Plaintiffs' claims specifically call for awarding reasonable attorney's fees to successful plaintiffs. 29 U.S.C. § 216(b); 26 U.S.C. § 7434(b)(2). In the presence of such so-called fee-shifting statutes, large attorney's fees are less worrisome. *See e.g. Anderson v. AB Painting & Sandblasting, Inc.*, 578 F.3d 542, 545 (7th Cir. 2009) ("[I]t is no surprise that the cost to pursue a contested claim [brought under a fee-shifting statute] will often exceed the amount in controversy."). Second, the parties negotiated attorney's fees amongst themselves, and courts look favorably upon such agreements. *Cf. Misiewicz*, 2010 U.S. Dist. LEXIS 60985, at *15 ("[T]here is a greater range of reasonableness for approving attorney's fees in an individual action where the parties settled on the fee through negotiation.") Third, Plaintiffs request only 66.67 hours' worth of fees, compared to the "hundreds of billable hours" actually expended, which further shows reasonableness. (DE 105 Ex. 4 at 3). *Cf. Burkholder*, 750 F. Supp. 2d. at 997 ("[T]he . . . fees negotiated as part of the settlement constitute[] just one half of [the incurred] amount, lending further support to its reasonableness."). Fourth, the attorney's fees are based on a $300 hourly rate, which this Court previously held to be reasonable. (DE 80 at 4.) Fifth, and most importantly, Plaintiffs will receive substantially all of the damages they sought,

so counsel should be compensated accordingly. *Cf. Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."). In short, the requested fees are reasonable.

**D.     Conclusion**

The Agreement represents a reasonable compromise of disputed issues. Accordingly, the parties' joint motion is GRANTED.

The parties' *Settlement Agreement and Stipulation for Settlement by Agreed Order* (DE 105 Ex. 2), which is incorporated into this opinion, is APPROVED. The parties are ORDERED to comply with the terms of the Agreement. This Court shall retain jurisdiction over the Agreement, as jointly requested by the parties in their motion.

The instant action is DISMISSED with prejudice pursuant to Fed. R. Civ. P. 42(a)(2).

SO ORDERED on June 20, 2019.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE